UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASHMIR SINGH,<br><br>    Petitioner,<br><br>v.<br><br>MOISES BECERRA, et al.,<br><br>    Respondents. | No. 1:26-cv-00513-DJC-CSK<br><br><br>ORDER |

    Petitioner Kashmir Singh has filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 2)). Petitioner is a noncitizen who is a national of India. (Pet. ¶ 4.) Petitioner was ordered removed to India over a decade ago. He was held in custody for a period of time, but was ultimately released from custody in 2015 after Respondents determined they would be unable to obtain travel documents to remove him. (Opp'n (ECF No. 9) at 1–2.) It is undisputed that the Government has been unable to remove Petitioner since that time. Petitioner was recently re-detained by Immigration and Customs Enforcement ("ICE") pending his removal to India. Petitioner requests that the Court order his release from ICE custody.

For the reasons stated below, the Court converts the Motion for Temporary Restraining order (ECF No. 2) to a Motion for Preliminary Injunction and grants the Motion.

**LEGAL STANDARD**

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain preliminary injunctive relief, Petitioner must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "[I]f a plaintiff can only show that there are 'serious questions going to the merits' – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (citations omitted). The Ninth Circuit employs a sliding scale approach to the *Winter* factors, under which a strong showing on the balance of hardships may compensate for a lesser showing of likelihood of success. *See Where Do We Go Berkeley v. California Dep't of Transp.*, 32 F.4th 852, 859 (9th Cir. 2022).

**DISCUSSION**

**I. Likelihood of Success on the Merits**

The Court finds Petitioner has established a likelihood of success on the merits of his claim that his re-detention is improper as it violates 8 C.F.R. § 241(i)(2). It is undisputed that Petitioner is subject to a final removal order. As such, ICE has the authority to detain Petitioner to affect his removal as a non-citizen. *See Phan v. Becerra*, No. 2:25-cv-01757-DC-JDP, 2025 WL 1993735, at *3 (E.D. Cal. July 16, 2025); *see also* 8 U.S.C. § 1231. However, the Government has been unable to remove

Petitioner since at least 2013.[1] (*See* Opp'n at 1.)  This ultimately resulted in Petitioner's release in 2015.

Where a noncitizen subject to a final order of removal is out of custody, revocation of their release is governed by 8 C.F.R. § 241.13(i).  *See Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025).  Section 241.13(i)(2) provides that revocation of release is permissible "if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future."  The Court may not, in the first instance, make an individualized finding that a change in circumstances has occurred.  *See Hoac*, 2025 WL 1993771, at *3.  "[W]hen ICE revokes release to effectuate removal, it is ICE's burden to show a significant likelihood that the alien may be removed."  *Vu v. Noem*, No. 1:25-cv-01366-KES-SKO, 2025 WL 3114341, at *5 (E.D. Cal. Nov. 6, 2025) (cleaned up) (quoting *Escalante v. Noem*, No. 9:25-cv-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025)); *see Nguyen v. Charles*, No. 1:25-cv-01592-TLN-CSK, 2025 WL 3492117, at *3 (E.D. Cal. Dec. 4, 2025).  Where ICE has made a determination that a change of circumstances has occurred, the Court reviews that claim in light of the factors described in 8 C.F.R. § 241.13(f).  *See Hoac*, 2025 WL 1993771, at *3.  These factors include, but are not limited to:

> [T]he history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.

8 C.F.R. § 241.13(f).

---

[1] It is unclear from the record before the Court precisely when the order of removal was final.  It appears this may have been even earlier but this is the earliest date when it is clear that the order was final from the information provided.

3

Here, Respondents have failed to present evidence of a change in circumstances justifying re-detention. It is undisputed that Petitioner has been subject to a final order of removal for well over a decade. There is no indication that Respondents have ever been able to obtain travel documents in the time since that removal order was issued. Respondents state in their Opposition that "Respondents have informed respondents' counsel that the Indian government verified the Petitioner's identity and agreed to provide travel documents in time for Petitioner to be removed to India . . . ." (Opp'n at 2.) But that assertion is unsupported by any evidence and Respondents have failed to provide even a declaration from immigration officials supporting this statement.[2] Moreover, Petitioner has presented at least some evidence that since re-detaining Petitioner, Respondents had, on multiple occasions, attempted to remove Petitioner but been unable to do so due to the fact that Respondents had not received travel documents from the Indian government. (*See* Pet., Ex. 1 ¶¶ 10, 13, 16.) Respondents unsupported assertions that the Indian government "agreed to provide travel documents" but have not yet done is insufficient to meet the Respondents' burden. Respondents also do not argue that there is a change in circumstances that renders Petitioner a flight risk or danger to the community.

Respondents assert that they are permitted to detain Petitioner under 8 U.S.C. § 1231(a)(6). (Opp'n at 3–4.) But this provision permits continued detention for certain individuals who are already detained "beyond the removal period[.]" 8 U.S.C. § 1231(a)(6). It does not provide a justification for detaining an individual who has already been released after it was determined that removal was not foreseeable. The decision to revoke Petitioner's release and detain him is thus governed by 8 U.S.C.

---

[2] In their Opposition, Respondents state that "Respondents are preparing a declaration that they intend to file to fully respond to Petitioner's allegations." (Opp'n at 2 n.3.) A month has passed since Respondents' Opposition was filed. Despite ample time to file this declaration or any other supporting evidence, Respondents have not submitted any other documents since filing their Opposition.

4

§ 1231(a)(3) and the regulations at 8 C.F.R. § 241.13(i) that, as described above, permit re-detention in certain circumstances.

Given the above, Respondents have not established that any of the factors under 8 C.F.R. § 241.13(f) weigh in favor of a finding that there has been a change in circumstances.  Respondents have thus failed to carry their burden that there has been a change in circumstances.[3]  Accordingly, Petitioner has established a likelihood of success on the merits of his claim that his present detention violates 8 C.F.R. § 241.13 and is thus unlawful.

## II. Irreparable Harm

Petitioner will suffer irreparable harm in the absence of preliminary relief.  The Ninth Circuit has recognized the irreparable harm inflicted by the "subpar medical and psychiatric care in ICE detention facilities." *Hernandez*, 872 F.3d at 995.  More broadly, the Ninth Circuit has also acknowledged the "irreparable harms imposed on anyone subject to immigration detention" including "the economic burdens imposed on detainees and their families as a result of detention." *Id*.  Petitioner has thus established irreparable harm.

## III. Balance of the Harms & the Public Interest

The final two *Winter* factors merge when the government is the nonmoving party. *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023).  The interests of equity and the public weigh in favor of Petitioner here.  As discussed above, Petitioner is harmed by his ongoing detention.  A temporary restraining order also inflicts minimal harm to the Government.  Though Respondents have an interest in enforcing immigration laws, "the public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Diaz v. Kaiser*, No. 3:25-cv-05071, 2025 WL

---

[3] In so finding, the Court does not determine that it is necessarily impossible that Respondents will be unable to show a change of circumstances in the future.  But it is Respondents' burden to establish a change in circumstances, and they have not met that burden at this time.

5

1676854, at *3 (N.D. Cal. June 14, 2025).  "[N]either equity nor the public's interest are furthered by allowing violations of federal law to continue." *Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022).  The Government also does not assert Petitioner poses any danger to the community.  For these reasons, the Court concludes that the equities and public interest weigh in favor of Petitioner.

**IV. Bond**

"The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).  The Court has "discretion as to the amount of security required, *if any*." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003).  Because the Government cannot reasonably assert that it is harmed by conforming to its own regulations, the Court finds "there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Id*.  Thus, the Court concludes no security is required here.

## CONCLUSION

Accordingly, the Court ORDERS that:

1. Petitioner's Motion for Temporary Restraining Order (ECF No. 2) is converted to a Motion for Preliminary Injunction and GRANTED.[4]
2. Respondents are ordered to immediately release Kashmir Singh from their custody.  Respondents shall not impose additional restrictions on Petitioner than were already present prior to Petitioner's current detention, unless they are determined to be necessary at a future pre-deprivation/custody hearing.

---

[4] Given the relief granted, the Court finds that conversion to a Preliminary Injunction is appropriate.

6

3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent a showing to the Court that there is a change in circumstances to warrant Petitioner's re-detention.

4. Petitioner's Motion to Expedite TRO Ruling (ECF No. 12) is DENIED AS MOOT.

5. This matter is referred to the assigned Magistrate Judge for all further pretrial proceedings, *see* L.R. 302(c)(17), with the exception of any motion to modify the terms of this Order.

IT IS SO ORDERED.

Dated:  **February 28, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE