UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASHMIR SINGH A/K/A SURJIT SINGH (A-097-582-095),<br><br>                    Petitioner,<br><br>          v.<br><br>MOISES BECERRA, et al.,<br><br>                    Respondents. | Case No.  1:26-cv-00513-DJC-CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Kashmir Singh a/k/a Surjit Singh (A-097-582-095), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE").  (ECF No. 1.)  Petitioner argues his detention violates his due process rights under the Fifth Amendment and violates statutory authority.  (Id. (claims one and three).)  Petitioner also brings a claim for deliberate indifference to serious medical needs.  (Id. (claim two).)  For the following reasons, this Court recommends that the petition be granted.

I.      LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in

1

custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II.    DISCUSSION[1]

On January 21, 2026, petitioner filed his habeas petition and a motion for a temporary restraining order.  (ECF Nos. 1, 2.)  On the same day, the district court ordered respondents to file a response to the motion for a temporary restraining order.  (ECF No. 4.)  On January 22, 2026, respondents filed an opposition to the motion for a temporary restraining order, arguing that they are permitted to detain petitioner under 8 U.S.C. § 1231(a)(6).  (ECF No. 9 at 3-4.)  On February 28, 2026, the district court converted petitioner's motion for a temporary restraining order to a motion for preliminary injunction and granted the injunction.  (ECF Nos. 13, 14.)  The district court concluded that 8 U.S.C. § 1231(a)(3) and the regulations at 8 C.F.R. § 241.13(i) govern petitioner's detention because petitioner is subject to a final order of removal and respondents failed to present evidence of a change of circumstances under 8 C.F.R. § 241.13(f) justifying re-detention.  (ECF No. 14 at 4-5.)  In addition, the district court granted petitioner's immediate release and ordered respondents to not impose any additional restrictions on petitioner, unless determined to be necessary at a future pre-deprivation/custody hearing.  (Id. at 6.)  The district court further enjoined and restrained respondents from re-arresting or re-detaining petitioner absent a showing to the court that there is a change in circumstances to warrant petitioner's re-detention.  (ECF No. 14 at 7.)  The district court referred this action to the assigned Magistrate Judge for all further pretrial proceedings.  (Id.)

---

[1]  The factual and procedural background previously presented in the district judge's February 28, 2026 order is incorporated herein.  (See ECF No. 14.)

On March 5, 2026, in response to this Court's order requiring respondents to file a status report, respondents stated they intend to stand on the pleadings already submitted in the case. (ECF No. 16.)  Briefing is closed.  (See Docket.)

Where the record before the district court has not changed since the district court's ruling on the motion for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that the decision to revoke petitioner's release and re-detain him is governed by 8 U.S.C. § 1231(a)(3) and the regulations at 8 C.F.R. § 241.13(i) where petitioner is subject to a final order of removal and released after the government was unable to remove petitioner.  Further, "Respondents have failed to present evidence of a change in circumstances justifying re-detention" and have failed to establish that any of the factors under 8 C.F.R. § 241.13(f) weigh in favor of a finding that there has been a change in circumstances justifying petitioner's re-detention.  (ECF No. 14 at 4-5.)  Because the resolution of the detention authority and regulatory requirements provides the relief requested, the Court need not reach the remaining claims.  This Court further recommends that a permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner absent compliance with constitutional protections, which include, at a minimum, strict compliance with the requirements of 8 C.F.R. § 241.13(i).

**III.  CONCLUSION**

Accordingly, it is hereby RECOMMENDED that:

1.  The petition for writ of habeas corpus (ECF No. 1.) be GRANTED.

2.  A permanent injunction be issued ordering respondents not to impose additional restrictions on petitioner Kashmir Singh a/k/a Surjit Singh (A-097-582-095) absent compliance with constitutional protections, which include, at a minimum, strict compliance with the requirements of 8 C.F.R. § 241.13(i).

3.  The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven days after being served with these findings and recommendations, any party may file written objections with

the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 18, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, sing0513.26

4